1
2
3
4
5
6
7
8
9
10
11
12
13

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

RAYMOND RODRIQUEZ,

          Plaintiff,

   v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

          Defendant.

_____/

Case No.  1:15-cv-01627-SKO

**INFORMATIONAL ORDER
FOR PRO SE LITIGANTS**

     Plaintiff Ruben Jesse Alejandro ("Plaintiff") is proceeding pro se in an action seeking judicial review of an administrative decision of the Commissioner of Social Security ("Defendant") that denied, in whole or in part, Plaintiff's claim for benefits under the Social Security Act.

1      This order serves as a step-by-step guide for pro se litigants.  Plaintiff is strongly urged to

2 read this order and keep it readily available for future reference.

3      **I.**     <u>**Service of the Complaint**</u>

4      As is outlined in the Scheduling Order issued in this case, except when other provisions are

5 made pursuant to an application to proceed in forma pauperis, Plaintiff shall serve a copy of the

6 (1) summons, (2) complaint, (3) notice of availability of a Magistrate Judge and the form of

7 consent/decline to jurisdiction of the United States Magistrate Judge (see Local Rule 305(a)), and

8 (4) the Scheduling Order, within twenty (20) days of Plaintiff filing the complaint.

9      If Plaintiff is proceeding in forma pauperis, the United States Marshal usually serves the

10 complaint.  If Plaintiff is not proceeding in forma pauperis, Plaintiff or legal counsel is responsible

11 for service and then filing a proof of service without delay.  See Local Rule 210.

12      Lawsuits for review of administrative decisions made by the Commissioner of Social

13 Security are prosecuted against the Commissioner of Social Security.   Federal Rule of Civil

14 Procedure 4(i)(2) and (3) provide that to serve the Commissioner in his official capacity, the party

15 must serve (1) the United States, and (2) the Commissioner.

16      To serve the United States, a party must:

17      (1)     Deliver a copy of the summons and complaint to the United States Attorney for the

18 district where the action is brought, or to an Assistant United States Attorney or clerical employee

19 whom the United States Attorney designates in a writing filed with the Court; or, send a copy of

20 the summons and complaint, by certified mail only, to the Civil Process Clerk at the United States

21 Attorney's Office; and

22      (2)     Send a copy of the summons and complaint, by certified mail only, to the Attorney

23 General of the United States in Washington, D.C.; and

24      (3)     Send a copy of the summons and complaint, by certified mail only, to the

25 Commissioner (the officer of the United States whose order is challenged by the lawsuit) in San

26 Francisco, California.  Fed. R. Civ. P. 4(i)(1)-(3).

27      Initial service of process is sufficient if Plaintiff serves, by certified mail only, copies of

28 the summons and complaint on:

Office of the United States Attorney
Civil Process Clerk
2500 Tulare Street, Suite 4401
Fresno, CA 93721

Office of the Attorney General of the United States
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

Office of the General Counsel
Social Security Administration
160 Spear Street, Suite 800
San Francisco, CA 94105

After service upon these entities, a proof of service must be filed with the Court without delay pursuant to Local Rule 210.  If Plaintiff is proceeding in forma pauperis, the United States Marshal generally completes the proof of service and files it with the Court.  If Plaintiff is not proceeding in forma pauperis, Plaintiff must promptly file a proof of service with the Court.

**II.      Attempt at Informal Resolution of the Case**

Pursuant to the Scheduling Order, within 120 days after service of the complaint, Defendant is required to serve a copy of the administrative record on Plaintiff and file the administrative record with the Court, which serves as the answer to the complaint in this proceeding.

Once the administrative record has been filed, the parties must try to resolve the case informally.  The parties must exchange informal briefs in the form of letters about the case and attempt to agree on whether the case should be sent back, or "remanded," to the Social Security Administration for a further hearing by an administrative law judge.

In the letter brief, Plaintiff must briefly set forth (1) the issues in the case, (2) the reasons why Plaintiff believes that Plaintiff is entitled to Social Security benefits, and (3) why the decision to deny benefits should be remanded.

The letter brief must be marked "Confidential Letter Brief," should not be filed with the Court, and must be served on Defendant within 30 days from the date Defendant served Plaintiff with the administrative record, by mailing copies to all the attorneys listed on the court docket

3

1   who represent Defendant, Commissioner of Social Security, at the addresses noted on the court

2   docket.  A certificate of service of the Confidential Letter Brief shall be filed with the Court, but

3   the Confidential Letter Brief itself shall not be filed with the Court.

4         The name of the attorney or attorneys representing Defendant are added to the court docket

5   when the Court receives Defendant's response to the complaint which, again, usually consists of

6   the administrative record.  Sometimes the court docket lists not only an attorney at the office of the

7   General Counsel of the Social Security Administration in San Francisco, California, but also an

8   attorney at the United States Attorney's Office in Fresno, California.  In these cases, Plaintiff must

9   mail copies of the Confidential Letter Brief to all counsel for Defendant.

10        Defendant's Confidential Letter Brief must be served on Plaintiff no later than 35 days

11  after Defendant is served with Plaintiff's Confidential Letter Brief.  A certificate of service of

12  Defendant's Confidential Letter Brief shall be filed with the Court.

13        If the parties agree to a remand, the case will go back to the Social Security Administration

14  before any formal briefs are filed with the Court, and without the Court ever considering the

15  merits of the case.  The parties' agreement to remand the case must be set forth in writing in the

16  document titled "Stipulation and Order," which must be signed and filed with the Court no later

17  than 15 days after Defendant's service of the Confidential Letter Brief on Plaintiff.  See Local Rule

18  143(a)(1), (b).

19        The informal letter briefs exchanged by the parties are confidential in that they are not filed

20  with the Court.  If the parties are unable to agree to a remand, the letters are not part of the case

21  file and are not before the Court if and when the Court finally considers the case on the merits.

22  **III.    Briefs**

23        If, after exchanging the Confidential Letter Briefs, the parties are unable to agree to a

24  remand of the case, the parties must file formal briefs with the Court as directed in the Scheduling

25  Order.  Following the filing of the formal briefs with the Court, the Court will consider the merits

26  of the case and make a decision.

27

28

1          A.     Plaintiff's Opening Brief

2          Plaintiff's opening brief must be filed and served no later than 30 days from the date of

3  service of Defendant's informal letter brief on Plaintiff.  Plaintiff must serve a copy of the opening

4  brief on all the attorneys listed for Defendant on the court docket at the addresses noted on the

5  court docket. Plaintiff is advised that failure to timely file an opening brief will result in dismissal

6  of the action.

7          Plaintiff must also file the original opening brief, together with a copy, with the Court, by

8  either personal delivery or via U.S. mail to:

9                    Office of the Clerk
                     United States District Court
10                   Eastern District of California
                     2500 Tulare Street, Suite 1501
11                   Fresno, California 93721

12

13         Plaintiff's opening brief must contain the following:

14         (1)     A plain description of Plaintiff's alleged physical or emotional impairments, when

15  Plaintiff contends they became disabling, and how the impairments disabled Plaintiff from

16  working;

17         (2)     A  summary  of  the  administrative  proceedings  before  the  Social  Security

18  Administration;

19         (3)     A summary of the relevant testimony at the administrative hearing;

20         (4)     A  summary  of  all  relevant  medical  evidence,  including  an  explanation  of  the

21  significance  of  clinical  and  laboratory  findings,  and  the  purpose  and  effect  of  prescribed

22  medication and therapy;

23         (5)     A  recitation  of  the  Social  Security  Administration's  findings  and  conclusions

24  relevant to Plaintiff's claims;

25         (6)     A short, separate statement of each of Plaintiff's legal claims explaining why the

26  facts do not support the ALJ's findings; and

27         (7)     Any argument separately addressing each claimed error.

28         All references to the administrative record and all assertions of fact must be accompanied

5

by citations to the administrative record.  Any argument in support of each claim of error must be supported by citation to legal authority and an explanation as to how such authority applies to the facts of the case.  Briefs that do not substantially comply with these requirements will be stricken. A document that is stricken becomes null and void and will not be considered by the Court for any purpose.

**B.**     Defendant's Responsive Brief

Pursuant to the Scheduling Order, Defendant's responsive brief must be filed and served on Plaintiff within 30 days from the date of service of Plaintiff's opening brief on Defendant.

**C.**     Plaintiff's Reply Brief

Plaintiff may, but is not required, to file a reply brief within 15 days from the date of Defendant's service of the responsive brief on Plaintiff.  Plaintiff must serve a copy of the reply brief on Defendant by serving the United States Attorney for the Eastern District of California as set forth in Section I above.  Plaintiff must also file the original reply brief, together with a copy, with the Court at the Court's address noted above.

Plaintiff's reply brief should respond to the arguments made in Defendant's responsive brief.

**IV.     Motion to Dismiss**

In some cases, instead of serving and filing an administrative record, Defendant may file a motion to dismiss the case pursuant to Federal Rule of Civil Procedure 12, within 120 days from the date defendant is served with Plaintiff's complaint.

Plaintiff may oppose a motion to dismiss by filing and serving an opposition to the motion within 14 days from the date of service of the motion to dismiss on Plaintiff.  Plaintiff's brief should be titled "Opposition to Defendant's Motion to Dismiss."  See Local Rule 230(c).

The Court will consider a motion to dismiss only after receiving opposition from Plaintiff, or after the time for filing opposition has passed.  In ruling on a motion to dismiss the case, the Court may either (1) deny the motion and proceed with the case, ordering the parties to proceed to file the administrative record, attempt informal resolution, and file briefs; or (2) grant the motion to dismiss, and dismiss all or part of the case.

## V. The Court's Decision on the Merits

The Court will consider the merits of the case only after all briefs have been filed, and may enter judgment affirming, modifying, or reversing the determination of the Social Security Administration.  The Court may or may not remand the case to the Social Security Administration for a further hearing.

## VI. General Summary of Deadline Calculations

| Event | Deadline | Reference |
|---|---|---|
| Service of Complaint | 20 days after filing complaint | *See* Section (I) above |
| Administrative Record | 120 days after service of complaint | *See* Section (II) above |
| Plaintiff's Opening Brief | 95 days after administrative record is lodged with Court | *See* Section (III)(A) above |
| Defendant's Brief | 30 days after Plaintiff's opening brief is filed | *See* Section III(B) above |
| Plaintiff's Reply Brief (Optional) | 15 days after Defendant's brief is filed | *See* Section III(C) above |

## VII. Rules for Litigating this Action

A.      In litigating this action, the parties must comply with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court, Eastern District of California ("Local Rules").  A copy of the Local Rules may be obtained in the Clerk's Office at no charge.

Local Rule 206 pertains to social security actions.  Specifically, sections (a)(1) and (2) of Rule 206 generally state that complaints shall contain the last four digits of Plaintiff's social security number only, i.e., XXX-XX-1234, and that Plaintiff shall privately disclose to Defendant, within 5 days after a request is made to Plaintiff, the full social security number of Plaintiff. Plaintiff shall refrain from disclosing the entire social security number on any filings.

**FAILURE TO COMPLY WITH THE LOCAL RULES, FEDERAL RULES, OR A COURT ORDER, INCLUDING THIS ORDER, WILL BE GROUNDS FOR DISMISSAL OR OTHER APPROPRIATE SANCTIONS.** *See* **Local Rule 110; Fed. R. Civ. P. 41(b).**

B.      Documents intended to be filed with the Court must be mailed to the Clerk of the Court in Fresno, California, at the address noted above.  See Local Rule 134(a).  All documents mailed directly to a judge's chambers will be stricken from the record.  A document requesting a court order must be styled as a motion, not as a letter.  See Fed. R. Civ. P. 7.

C.      Each separate document must be separately stapled.  See Local Rule 130.  If a document is stapled behind another document, it will not be filed and will not be docketed as a separate document.

D.      All documents filed with the Court must be submitted with an additional legible copy for the Court's use.  See Local Rule 133(d)(2).  A document submitted without an extra copy for the Court's use will be stricken. If the filing party wishes the Court to return a file-stamped copy, an additional copy must be provided for that purpose (i.e., an original and two copies – one for the Court's use and one to be returned to the filing party), together with a self-addressed stamped envelope.  The Court cannot provide copy or mailing service for a party – even for an indigent plaintiff proceeding in forma pauperis.  Copies of documents from the Court's file may be obtained from the Clerk's Office at the cost of fifty cents per page.

E.      After any defendant has appeared in an action by filing a pleading responsive to the complaint (i.e., an answer or a motion to dismiss), all documents filed with the Court must include a proof of service stating that a copy of the document was served on the opposing party.  See 28 U.S.C. § 1746; Fed. R. Civ. P. 5; Local Rule 135.  A document submitted without the required proof of service will be stricken.  Where a party is represented by counsel, service on the party's attorney of record constitutes effective service.

F.      A pro se Plaintiff has a duty to keep the Court and opposing parties' counsel apprised of a current address.  If Plaintiff moves and fails to file a notice of change of address, service of court orders at Plaintiff's prior address shall constitute effective notice.  See Local Rule 182(f).   If mail directed to Plaintiff is returned by the United States Postal Service as

undeliverable, the Court will not attempt to re-mail it.  If Plaintiff's address is not updated within 60 days of mail being returned, the action will be dismissed for failure to prosecute.  See Local Rule 183(b).

IT IS SO ORDERED.

Dated:   __November 20, 2015__                              _____/s/ Sheila K. Oberto__
                                                            UNITED STATES MAGISTRATE JUDGE