# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND RODRIGUEZ, | Case No. 1:15-cv-01627-SKO |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** |
| v. | (Doc. 16) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |
| _____/ | |

### I. INTRODUCTION

On March 14, 2016, Defendant Carolyn W. Colvin, Acting Commissioner of Social Security (the "Commissioner" or "Defendant"), filed a motion to dismiss Plaintiff Raymond Rodriguez's ("Plaintiff") complaint. (Doc. 16.) After having been granted an extension of the deadline in which to oppose the motion (Doc. 21), Plaintiff filed his opposition on May 12, 2016. (Doc. 22.) Having reviewed the parties' papers and all supporting material, the matter is found suitable for decision without oral argument pursuant to Local Rule 230(g), and no hearing will be set.

For the reasons set forth below, the Commissioner's motion to dismiss is GRANTED.

//

//

## II.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed an application for Social Security Disability Insurance Benefits under Title II of the Social Security Act (the "Act") on March 28, 2012, and for Supplemental Security Income under Title XVI of the Act on May 24, 2012. (Declaration of Kathie Hartt ("Hartt Decl."), Doc. 16-1, Ex. 1.)[1]  On April 24, 2015, an Administrative Law Judge ("ALJ") denied Plaintiff's claims for disability benefits and supplemental security income.   (Hartt Decl., Doc. 16-1, Ex. 1.) Plaintiff requested administrative review, but the Social Security Administration Appeals Council ("Appeals Council") denied review in a letter dated August 18, 2015, which rendered the ALJ's decision final. (Hartt Decl., Doc. 16-1, Ex. 2).  Having exhausted all administrative remedies, Plaintiff, then proceeding *pro se*, filed a complaint for judicial review on October 26, 2015.  (Doc. 1.)[2]

## III.   DISCUSSION

The Commissioner moves to dismiss Plaintiff's complaint and argues that Plaintiff's action is time-barred under the Act.  (Doc. 16.)  The Commissioner argues that, because the Appeals Council denied Plaintiff's request for review of the ALJ's decision in its Notice of Appeals Council Action dated August 18, 2015 (the "Notice"), Plaintiff was required to commence a civil action on or before October 22, 2015, sixty (60) days after the date of the Notice "plus the five day presumption of having received notice."  (Doc. 16, p. 2.)  The Commissioner states that Plaintiff filed his lawsuit on October 26, 2015, "four days after his deadline for doing so."  (Doc. 16, p. 5.) The Commissioner concludes by arguing that, although the Court may toll the sixty-day period

---

[1] Although a court generally is confined to the pleadings on a motion to dismiss, "[a] court may, however, consider certain materials – documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice – without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999). The Ninth Circuit has "extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  The documents attached to the Declaration of Kathie Hartt (Doc. 16-1), which accompanies the Commissioner's motion to dismiss, are ones upon which Plaintiff's complaint depends and so the Court considers them.

[2] Plaintiff thereafter obtained counsel and filed a first amended complaint on December 31, 2015, which is the operative complaint in this matter. (Docs. 9, 10.)

when the equities favor such action, there are no circumstances that warrant equitable tolling in this case. (Doc. 16, p. 5.)

Plaintiff opposes a dismissal and contends that the Commissioner failed to establish that the Notice was in fact mailed on August 18, 2015, and that the Court should instead presume that the notice of denial "was mailed at least one date after the date on the denial letter." (Doc. 22, p. 7.)  In support of Plaintiff's opposition brief, Plaintiff's counsel submits a declaration attaching "a random sampling of eleven Appeals Council denial letters" addressed to other Social Security claimants that counsel's office received between September 2011 and May 2016. (Doc. 22-1.) Relying on this "sample" of denial letters, Plaintiff argues that "it is clear that the Appeals Council does not deposit mail on a routine and ordinary basis the day of the letter's dating." (Doc. 22, p. 5.)  Plaintiff urges the Court to "[r]eject[] the Commissioner's assertion of mailing on August 18, 2015 as factually unsupportable by any inference" and to instead find that Plaintiff's complaint was due no earlier than Friday, October 23, 2015, "one business day before the complaint was stamped as filed by the clerk," which occurred on Monday, October 26, 2015. (Doc. 22, p. 6.)

**A.     Standards Applicable to the Commissioner's Motion to Dismiss**

Motions brought pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In considering whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). The court is not required to assume the truth of legal conclusions that are cast in the form of factual allegations.

*Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Although Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  A pleading is insufficient if it offers more "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  It is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

Where the facts and dates alleged in a complaint indicate that the action is time-barred, a motion to dismiss under Rule 12(b)(6) is appropriate.  *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).  However, when a Rule 12(b)(6) motion is based upon the running of a statute of limitations, it can be granted only "if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id*.

**B.    The Act Sets Forth a 60–Day Statute of Limitations for Civil Actions Challenging the "Final Decision" of the Commissioner.**

As a sovereign, the United States is immune from suit except according to its consent to be sued.  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).  Congress has authorized federal judicial review of "any final decision of the Commissioner of Social Security made after a hearing on which [the claimant] was a party." 42 U.S.C. § 405(g).  To seek judicial review of a final decision of the Commissioner, a plaintiff must commence a civil action in federal court "within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." *Id*.  The term "mailing" is construed as the date the claimant receives the notice.  *Vernon v. Heckler*, 811 F.2d 1274, 1277 (9th Cir. 1987). A claimant is presumed to have received notice "5 days after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).   If the plaintiff successfully rebuts the presumption of presumed receipt, the burden is then placed upon the Commissioner to establish that the plaintiff received actual notice.  *Fenneken v. Comm'r of Soc. Sec.*, Civil Action No. 2:10–

cv–00111, 2011 WL 4558308, at *3 (S.D. Ohio Sept. 30, 2011) (quoting *McCall v. Bowen*, 832 F.2d 862, 864 (5th Cir. 1987)).

The time limit for filing is not jurisdictional; rather, the limit "constitutes a statute of limitations." *Bowen v. City of N.Y.*, 476 U.S. 467, 478 (1986); *Vernon*, 811 F.2d at 1277. However, the time limitation is a condition precedent to the waiver of sovereign immunity and therefore must be strictly construed. *Bowen*, 476 U.S. at 479. "Accordingly, courts have dismissed actions filed only days after the expiration of this statute of limitations." *Edmond v. Colvin*, No. ED CV 14–196–PSG (E), 2014 WL 4964309, at * 3 (C.D. Cal. Aug. 29, 2014) (citing *Tate v. United States*, 437 F.2d 88 (9th Cir. 1971); *Davila v. Barnhart*, 225 F. Supp. 2d 337, 340 (S.D.N.Y. 2002); *O'Neill v. Heckler*, 579 F. Supp. 979, 981 (E.D. Pa. 1984)).

**C.     Plaintiff Failed to File His Complaint Within the 60-Day Limitations Period.**

In this case, it is undisputed that the Notice denying Plaintiff's request for review of the ALJ's decision was dated August 18, 2015. (Doc. 16-1, Ex. 2.) Five days after the date of the Notice was Sunday, August 23, 2015, and sixty days after thereafter was Thursday, October 22, 2015. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 422.210(c). It is undisputed that Plaintiff's complaint was filed Monday, October 26, 2015. (Doc. 1.)[3]

Plaintiff has made no showing that he did *not* receive the Notice by August 23, 2015. Instead, Plaintiff argues that because the U.S. Postal Service does not deliver standard mail on Sundays, and in view of the "Commissioner's national policy . . . that if the deadline to file a complaint falls on a Sunday, the deadline rolls over to the next Federal business day," the five-day period continued to run until Monday, August 24, 2015. (Doc. 22, p. 4.) At least one court has considered a similar argument: whether, in the event the presumptive fifth day for receipt is a Sunday (or Saturday or holiday), the sixty-day limitation period begins to run on the following

---

[3] Plaintiff repeatedly refers to his complaint as having been "stamped as filed by the clerk" on October 26, 2015. (Doc. 22, pp. 4, 6.) To the extent that Plaintiff is suggesting that his complaint was "constructively filed" prior to October 26, 2015, *see United States v. Dae Ram Fishing Co., Ltd.*, 794 F.2d 1392, 1395 (9th Cir. 1986), he has provided no further argument, much less evidence, to support that suggestion. Therefore, the Court finds that Plaintiff's complaint was filed on October 26, 2015, the date the complaint was stamped as filed in the Clerk's Office. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); *Rodgers v. Bowen*, 790 F.2d 1550, 1551 (11th Cir. 1986) ("an action is commenced within the meaning of § 405(g) when a complaint is filed with the court").

5

business day under Fed. R. Civ. P. 6(a)(1)(C).[4]  *Flowers v. Colvin*, No. 1:12-CV-1053-CSC, 2013 WL 1442511, at *3 (M.D. Ala. Apr. 9, 2013).  That court concluded it did not.  *Id.*  ("[T]he five-day grace period at issue is found in a regulation, not 'in [the Federal Rules of Civil Procedure], in any local rule or court order, or in any statute.'  Therefore, by its terms, Rule 6(a) does not support Flowers's position.") (internal citations omitted).  *Cf. Myer v. Colvin*, No. 1:14-CV-883 DNH/DEP, 2015 WL 224749, at *3 (N.D.N.Y. Jan. 15, 2015).  But even crediting Plaintiff's position that the sixty-day period began to run on Monday, August 24, 2015, *see Hodar v. Comm'r of Soc. Sec.*, No. 1:15CV72-JRA, 2015 WL 5657288, at *4 (N.D. Ohio Sept. 24, 2015), his complaint is still untimely.  Sixty days following August 24, 2015 is October 23, 2015, yet Plaintiff's complaint was not filed until October 26, 2015.[5]

Plaintiff further argues that the presumption of receipt of the Notice within five days has been rebutted in this case because "it is clear the Appeals Council does not deposit mail on a routine and ordinary basis the date of the letter's dating." (Doc. 22, p. 5.)  In support of Plaintiff's argument, Plaintiff's counsel has submitted a declaration attaching "11 random Appeals Council denials" received by counsel's office between September 2011 and May 2016, which Plaintiff contends establishes that the Appeals Council "regularly postmarks the denial letter days after the date on the letter itself." (Docs. 22, p. 7; 22-1.)  But this documentation pertaining to other Social Security claimants, even if it were considered by the Court,[6] does not establish when *this* Social Security claimant received actual notice of the Appeals Council's denial.  Moreover, "[b]are allegations of mail service delay or allegations that the government did not send the notice in a timely fashion are insufficient to overcome the presumption accorded to the Secretary under the

---

[4] Fed. R. Civ. P. 6(a)(1)(C) provides that, "in computing any time period specified in [the Federal Rules of Civil Procedure], in any local rule or court order, or in any statute that does not specify a method of computing time," if the last day of a period of time "is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

[5] Plaintiff acknowledges the untimeliness of his complaint in his opposition brief: "Rejecting the Commissioner's assertion of mailing on August 18, 2015 as factually unsupportable by any inference, the complaint or request for extension of time was due no earlier than October 23, 2015, *one business day before the complaint was stamped as filed by the clerk*." (Doc. 22, p. 6.) (emphasis added.)

[6] As noted above, the Court generally is confined to the pleadings on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), but may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.  Plaintiff's submission in support of its opposition to the motion to dismiss is none of these, and therefore should not be considered in deciding the Commissioner's motion to dismiss.

regulations." *Nichols v. Astrue*, No. 3:11-CV-00124-LRH, 2012 WL 1068779, at *4 (D. Nev. Mar. 1, 2012), *adopted by* No. 3:11-CV-00124-LRH, 2012 WL 1068370 (D. Nev. Mar. 29, 2012) (citing *Rivera v. Secretary of Health and Hum. Servs.*, 39 F.3d 1188, 1994 WL 594739, at *1 (9th Cir. Oct. 31, 1994) (unpublished)).

Plaintiff has not provided any evidence showing the Notice was not mailed timely to him: he has not provided the court with an affidavit, nor does he state in his opposition exactly when he contends he received the Notice – just that he no longer has the envelope in which the Notice was mailed. (Doc. 22, p. 5.) In the absence of any indication that he did not receive the Notice until after August 24, 2015, Plaintiff has failed to rebut the statutory presumption. Therefore, his complaint was untimely because it was not filed by October 23, 2015. *See Henderson v. Astrue*, 321 Fed. App'x 624 (9th Cir. Apr. 6, 2009) (unpublished) (upholding dismissal of *pro se* Social Security complaint as untimely when the complaint was filed beyond the statutory period). Even one day's delay in filing the action is fatal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (affirming district court's dismissal of complaint filed one day late); *see also Zampella v. Barnhart*, No. 03–232–P–C, 2004 WL 1529297, at *2 (D. Me. June 16, 2004); ("While this result might be considered harsh, delays of a single day have been held to require dismissal. . . . "); *Davila*, 225 F. Supp. 2d at 340; *O'Neill*, 579 F. Supp. at 981.

**D.    None of the Exceptions to the 60-Day Limitations Period Applies.**

There are two exceptions to the 60-day time limitation for seeking judicial review of the ALJ's decision. First, Section 405 provides that the Commissioner may allow a claimant additional time to file a civil action contesting a decision. 42 U.S.C. § 405(g). Plaintiff does not contend that he sought or that the Commissioner granted him such an extension.

Second, the limitation can be tolled by traditional equitable tolling or estoppel principles, such as when the cause of action is based on duress or undue influence or when the defendant fraudulently conceals the cause of action, affirmatively misleads plaintiff, or engages in misconduct or deception. *Bowen*, 476 U.S. at 479-80; *Vernon*, 811 F.2d at 1277-78. Only in rare cases will the doctrine of equitable tolling allow a plaintiff to avoid the statute of limitations. *See Bowen*, 476 U.S. at 480-81. "Generally, a litigant seeking equitable tolling bears the burden of

establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Lazerson v. Colvin*, Case No.: 4:13–cv–02832–YGR, 2014 WL 967048, at *4 (N.D. Cal. Mar. 6, 2014) (citing *Credit Suisse Sec. (USA) LLC v. Simmonds*, ––– U.S. –––, 132 S.Ct. 1414, 1419 (2012)). Given that the imitations period must be strictly construed, "[t]he task of showing a basis for equitably tolling the statute of limitations may . . . prove to be daunting." *Vernon*, 811 F.2d at 1278.

Plaintiff does not argue that the doctrines of estoppel or equitable tolling apply, and there is no support for equitable tolling on the face of the complaint itself. (*See* Doc. 1.) Plaintiff has not offered any explanation for his failure to file his complaint within the sixty-day filing period. Dismissal is therefore proper, as there is no showing that Plaintiff could prevail on the equitable tolling issue. *See, e.g., Lazerson*, 2014 WL 967048, at *4 (granting motion to dismiss where allegations in complaint failed to establish potential applicability of equitable tolling doctrine).

### IV.   CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (Doc. 16) is GRANTED. The Clerk is DIRECTED to close this action.

IT IS SO ORDERED.

Dated:  **June 8, 2016**                        /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

8